1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DARREL SMITH,                           No. CIV S-06-2039-GEB-CMK-P

12               Plaintiff,

13        vs.                               <u>FINDINGS AND RECOMMENDATIONS</u>

14   L. PRINTZ, et al.,

15               Defendants.

16   _____/

17               Plaintiff, a state prisoner proceeding pro se, brings this civil action apparently

18   seeking to challenge a decision of the California Supreme Court in plaintiff's state court medical

19   malpractice action.  Pending before the court is plaintiff's complaint (Doc. 1), filed on

20   September 13, 2006.

21               The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

23   § 1915A(a).  The court is also required to screen complaints brought by litigants who have been

24   granted leave to proceed in forma pauperis.  <u>See</u> 28 U.S.C. § 1915(e)(2).  Under these screening

25   provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or

26   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

                                           1

1   from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and

2   1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must

3   dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject

4   matter . . . ."  Because plaintiff is a state prisoner seeking relief against governmental employees,

5   the court will screen the complaint pursuant to § 1915A(a).  Pursuant to Rule 12(h), the court

6   will also consider as a threshold matter whether it has subject-matter jurisdiction.

7          According to documents attached to plaintiff's complaint, plaintiff filed a pro se

8   civil action in Solano County Superior Court against two prison doctors alleging medical

9   malpractice and other torts under state law.  Defendants to the lawsuit were granted judgment on

10  the pleadings, and plaintiff appealed to the California Court of Appeal.  On June 10, 2005, the

11  Court of Appeal issued an unpublished decision affirming the grant of judgment on the

12  pleadings.[1]  On July 18, 2005, plaintiff filed a petition for review in the California Supreme

13  Court.  Review was denied without comment or citation on August 31, 2005.

14         In the caption of the complaint now before this court, plaintiff states that he is

15  requesting "review of a California Supreme Court decision. . . ."  Elsewhere in the complaint

16  plaintiff makes it clear that he is asking this court to review the August 31, 2005, decision of the

17  California Supreme Court.  This court, however, lacks subject matter jurisdiction to entertain

18  plaintiff's complaint.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of

19  Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); see also Exxon Mobil Corp. v.

20  Saudi Basic Industries Corp., 544 U.S. 280 (2005).  Specifically, the federal district courts do not

21  have jurisdiction to sit in direct review of state court decision absent specific authorization to do

22

23

24

---

25        [1]    It appears that the Court of Appeal also concluded that the trial court had abused
     its discretion in not allowing plaintiff an opportunity to amend.  Plaintiff does not, however,
26   attach the last pages of the Court of Appeal's decision.

so from Congress.[2]  See id.

Based on the foregoing, the undersigned recommends that this action be dismissed and that the Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   October 11, 2006.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

___

[2]      The federal habeas corpus statute, 28 U.S.C. § 2254, which allows the federal court to review state court criminal convictions and sentences, is an example of such authorization.

3